UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EUGENE HUDSON, JR., <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, <br><br> Defendant. | Civil Action No. 1:17-cv-01867-JEB <br> Judge James E. Boasberg |

## DEFENDANT'S MOTION TO STRIKE, MOTION TO SUPPLEMENT THE RECORD, AND MOTION TO SEAL

American Federation of Government Employees, AFL-CIO ("AFGE" or "Defendant") hereby respectfully moves to strike Plaintiff Eugene Hudson's October 24, 2017 *praecipe* and the attached transcript from the August 8, 2017 National Executive Council ("NEC") meeting pursuant to Federal Rule of Civil Procedure 12(f). Plaintiff submitted the transcript after the briefing schedule was concluded and less than two days before the October 26, 2017 preliminary injunction motion hearing. Defendant had no time to consider or respond in writing to that submission prior to the preliminary injunction motion hearing. Further, the transcript is poorly transcribed and does not contribute to the Court's understanding of the legal or factual matters at issue in this preliminary injunction motion.

In the alternative, if the Court denies the motion to strike, AFGE moves in a separate motion to supplement the record to include the attached transcript from the June 2016 NEC

meeting wherein National Vice President ("NVP") Gerald Swanke's charges against Mr. Hudson were discussed by the NEC, and wherein Mr. Hudson apologized for his conduct and NVP Swanke accepted that apology. Exhibit 1. This dialogue speaks directly to the issue of NVP Swanke's lack of bias, which was discussed thoroughly at the October 26, 2017 preliminary injunction motion hearing and provides the Court a fuller understanding of NVP Swanke's lack of bias.

Finally, if the Court denies the motion to strike, then AFGE also moves in a separate motion to seal the transcript from the August 8, 2017 NEC meeting pursuant to Local Rule 5.1(h), as the transcript involves a discussion which occurred during a confidential executive session of the NEC.

## ARGUMENT

### A. AFGE Moves to Strike the *Praecipe* and the Transcript from the August 8, 2017 NEC Meeting.

AFGE moves to strike the October 24, 2017 *praecipe* and the transcript from the August 8, 2017 NEC meeting. Ordinary pleading rules require a party to present the arguments and evidence upon which it relies in its opening papers. *Herbert v. National Academy of Sciences*, 974 F.2d 192, 196 (D.C. Cir. 1992). This is so because it would be "manifestly unfair" to the opposing party who "has no opportunity for a written response" to an argument raised for the first time in a reply. *Id*. Further, courts are generally opposed to issuing rulings based on piecemeal briefing. *See March v. Johnson*, 263 F.Supp. 2d 49, 54 (D.D.C. 2003).

Here, Plaintiff filed the *praecipe* and the transcript at 2:29 PM on October 24, 2017, after the briefing schedule was concluded and less than two days before the scheduled preliminary injunction motion hearing. Plaintiff failed to submit the transcript in the initial complaint, in the

motion for preliminary injunction, or even in the reply to the Defendant's opposition. Instead, Plaintiff waited until less than two days prior to the preliminary injunction motion hearing to submit the transcript. Defendant had no ability to respond in writing or provide the Court with the necessary surrounding information to properly consider the transcript.

If that opportunity had been provided, Defendant would have alerted the Court that the transcript is an extremely poor representation of the discussion at the August 8, 2017 NEC meeting. The transcript was only 150 pages long, yet contained 230 instances of "(indiscernible)" discussion, meaning the court reporter was unable to transcribe portions of the audio recording 230 times. There are also many readily identifiable errors in the transcription. For example, the court reporter listed Defendant's counsel as appearing "ON BEHALF OF THE AFL-CIO". ECF 8-1, p. 2. That is clearly an error, one of many in the transcript.

AFGE has contacted the transcription company, and is in the process of attempting to correct these errors. However, until that is accomplished, the transcript provided by the Plaintiff offers little value to the Court, and the Court has: "the obvious power to strike from the pleadings as "immaterial" any matter having no value in developing the issues of the case." *Oaks v. City of Fairhope, Alabama*, 515 F.Supp. 1004, 1032 (S.D. Ala. 1981). Without a complete and accurate transcript to review, the transcript offered by the Plaintiff does nothing to further the Court's understanding of the issues for the purposes of the preliminary injunction motion.

To be clear, AFGE does not assert that the transcript from the August 8, 2017 NEC meeting could not have some relevance and significance to the Court at a later stage in these proceedings. Rather, AFGE asserts that the last-minute introduction of the faulty transcript prior to the October 26, 2017 preliminary injunction motion hearing was improper.

Accordingly, AFGE moves to strike the October 24, 2017 *praecipe* and the transcript from the August 8, 2017 NEC meeting.

**B. AFGE Moves to Supplement the Record with the Transcript from the June 2016 NEC Meeting.**

If the Court denies AFGE's motion to strike the *praecipe* and the transcript from the August 8, 2017 NEC meeting, AFGE moves in a separate motion to supplement the record to include Exhibit 1, a transcript from the June 2016 NEC meeting where NVP Swanke's charges against Mr. Hudson were discussed and dismissed. This transcript speaks directly to NVP Swanke's lack of bias which was discussed at the October 26, 2017 preliminary injunction motion hearing. The Court have discretion to allow parties to supplement the record of a case, s*ee e.g., Dial A Car, Inc. v. Transp., Inc.*, 1994 WL 902774, at *1 (D.D.C. 1994), and the inclusion of this transcript provides the Court a fuller understanding of NVP Swanke's lack of bias.

As discussed at the October 26, 2017 preliminary injunction motion argument, NVP Swanke previously filed charges against Mr. Hudson in November 2015. Hudson Declaration ¶ 23. Those charges were investigated by a committee of investigation, and dismissed by the NEC at its meeting in June 2016. *Id*. At that meeting, after the committee of investigation's report was introduced and read to the NEC, Mr. Hudson made a statement to the NEC. In his statement, Mr. Hudson apologized numerous times for his actions and conduct that led to NVP Swanke's charges. He acknowledged that his conduct was inappropriate and stated: "I apologized to this board in writing in December. I just don't feel as though that my conduct was proper or appropriate," Exhibit 1, p. 10. Mr. Hudson went on to state: "So basically I apologize to the board again," *Id* p. 11; and: "Again, I apologize and that's it. To the board." *Id* p. 11-12. Mr.

Hudson accepted that his conduct that led to the charges was inappropriate, and apologized numerous times.

Vitally important to the issue of NVP Swanke's lack of bias, after Mr. Hudson made his statement and his multiple apologies, NVP Swanke made the following conciliatory statement: "I believe that there was an apology that NST Hudson offered to the board, and I believe that was given in sincerity." Exhibit 1, p. 19. Mr. Hudson apologized for his inappropriate conduct, and NVP Swanke accepted that apology, thus providing finality to the dispute. NVP Swanke's acceptance of that apology contradicts the belief that there is any lingering animosity between the two parties regarding those charges. To assert that the dismissed and resolved 2015 charges demonstrates bias on behalf of NVP Swanke is to completely overlook the actual result of those charges, and the reconciliation that occurred at the June 2016 NEC meeting.

Accordingly, if the Court denies the motion to strike the transcript from the August 8, 2017 NEC meeting, then it should permit AFGE to supplement the record with the transcript from the June 2016 NEC meeting. This will provide the Court greater clarity on the issue of NVP Swanke's lack of bias.

### C. AFGE Moves to Seal the August 8, 2017 Transcript.

If the Court denies AFGE's motion to strike, then AFGE moves to seal the transcript of the August 8, 2017 meeting of the NEC. The meeting was held largely in executive session, which is defined by *Robert's Rules of Order Newly Revised* ("*RONR*") as: "any meeting of a deliberative assembly, or a portion of a meeting, at which the proceedings are secret.". 11th Ed. p. 95; Exhibit 2. AFGE's NEC follows the current edition of *RONR* which requires that a recording of a meeting held in executive session be kept confidential.

The AFGE National Convention, the triennial assembly of delegates elected by its affiliates, is the supreme decision-making body within AFGE. AFGE National Constitution, Article V, Sections 1 & 2. The AFGE National Convention follows *RONR*, where not inconsistent with the AFGE National Constitution. *Id*. at Appendix C, Section 18. The AFGE National Constitution deems the NEC to be a committee of the AFGE National Convention operating between meetings thereof. *Id.* at Article V, Section 3 and Article XIII, Sections 1 & 10.

*RONR* requires that proceedings of the NEC relating to Plaintiff's discipline be conducted in executive session and that the verbatim transcript of such executive session remain secret. *RONR*, 11th Ed. p. 95-96. Further, hearings and deliberations regarding disciplinary actions must be conducted in executive session. *Id*. at 664-665. *RONR* places the following restrictions upon the dissemination of records of a meeting or portion of a meeting held in executive session.

> The minutes, or record of proceedings, of an executive session must be read and acted upon only in executive session, unless that which would be reported in the minutes—that is, the action taken, as distinct from that which was said in debate—was not secret, or secrecy has been lifted by the assembly.

*Id*. at 96. Therefore, even if the disciplinary action itself was not secret, the deliberations, "that which was said in debate," would remain secret.

Accordingly, if the Court denies the motion to strike, AFGE moves to seal the transcript from the August 8, 2017 NEC meeting.

## **CONCLUSION**

Based on the foregoing reasons, it is respectfully requested that Defendant's motion to strike the *praecipe* and the transcript from the August 8, 2017 NEC meeting be granted. In the alternative, if the Court denies the motion to strike, then it is respectfully requested that Defendant's motion to supplement the record with the transcript from the June 2016 NEC

meeting be granted and Defendant's motion to seal the transcript from the August 8, 2017 NEC meeting be granted.

                                              Respectfully submitted,

                                              /s/ Gony Frieder Goldberg
                                              Gony Frieder Goldberg, DGC
                                              D.C. Bar No. 457706
                                              Office of General Counsel, AFGE
                                              80 F Street, NW
                                              Washington, DC 20001
                                              (202) 639-6426
                                              friedg@afge.org

                                              William R. Kudrle, Associate General Counsel
                                              (202) 639-6424
                                              Bill.Kudrle@afge.org

                                              Attorneys for Defendant

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of Defendant's motion to strike, motion to supplement the record, and motion to seal was filed with the Court via the Court's electronic filing system, and was placed in the U.S. mail this 31st day of October, 2017 to be send via postage prepaid, first class mail upon:

        Justin Keating
        Jonatan G. Axelrod
        Beins, Axelrod, P.C.
        1030 15th St., NW, Suite 700 East
        Washington, DC 20001

                                                          /s/ William R. Kudrle
                                                          William R. Kudrle,
                                                          Associate General Counsel