UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EUGENE HUDSON, JR., <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, <br><br> Defendant. | Civil Action No. 17-1867 (JEB) |

**MEMORANDUM OPINION AND ORDER**

On November 9, 2017, this Court issued a decision enjoining Defendant American Federation of Government Employees to reinstate Plaintiff Eugene Hudson to his position as National Secretary-Treasurer. See ECF Nos. 12, 13. AFGE now moves for an emergency stay of that Order until January 2, 2018, by which time it asserts it will have completed new disciplinary proceedings to remove him. See ECF No. 14. While the Court appreciates that Defendant has responded promptly to the Order, it nonetheless finds that the relevant factors weigh against such a stay. The Motion, accordingly, will be denied.

**I.    Background**

As explained in detail in the prior Memorandum Opinion, this suit concerns AFGE's removal of Hudson from his elected position as National Secretary-Treasurer. The charges that ultimately culminated in this discipline stem from an email blast that he sent using an AFGE computer, email address, and staff member to "several hundred AFGE officers and members" at both personal and governmental addresses. See Compl., ¶¶ 9, 11. The blast questioned whether AFGE, as an organization, was ready for an attack on organized labor from President-Elect

1

Trump and a Republican-controlled Congress.  See Compl., Exh. 1.  The email — which had not been reviewed by anyone else at AFGE — quickly drew the ire of several Union officials.

After a National Vice-President filed charges against Hudson for alleged violations of the AFGE Constitution, a Committee of Investigation deliberated and decided probable cause existed to refer the charges to the National Executive Committee.  See Compl., Exh. 3.  Over Hudson's protests, NVP Gerald Swanke — an officer who had previously filed an unrelated charge against Hudson — chaired the three-person Committee.  See Compl., ¶ 26.  One month later, the NEC met, deliberated, and found Hudson guilty of three violations of the AFGE Constitution; it also voted to remove him from office as a penalty.  See Compl., ¶ 49.  Hudson timely appealed the ruling to the National Convention pursuant to the AFGE Constitution, but the Convention does not take place — and thus no ruling will issue — until August 2018.

In September 2017, Plaintiff filed this suit and a Motion for Preliminary Injunction.  The Court heard argument on October 26 and released its Opinion granting Plaintiff's Motion on November 9.  Although Hudson raised multiple challenges to his removal, the Opinion only focused on one: his claim that AFGE violated the Labor-Management Reporting and Disclosure Act's requirement for a full and fair hearing before a union may discipline a member.  The Court found that Hudson had made the necessary showing that it was likely that Swanke's position as chair of the Committee created "a significant risk of actual bias."  Mem. Op. at 13 (quoting Wildberger v. Am. Fed'n of Gov't Emps., 86 F.3d 1188, 1196 (D.C. Cir. 1996)).  The Court also found that the other three preliminary-injunction factors — irreparable harm, balance of the equities, and the public interest — weighed in favor of granting the injunction.  Id. at 14-16.  The Court, accordingly, ordered that AFGE "reinstate Hudson to his position as National Secretary-Treasurer effective immediately."  Id. at 17.

Defendant now asks the Court to stay such reinstatement pending a new disciplinary hearing. The Union explains that the selection of a new and impartial Committee is already underway and that the full disciplinary process will be completed by January 2, 2018. See Mot. at 2. Although AFGE styles its request as a Motion for a Stay of the Injunction, it is more accurately a motion to modify the injunction, and the Court construes it as such. See Fox Television Stations, Inc. v. FilmOn X, LLC, 968 F. Supp. 2d 134, 139-40 (D.D.C. 2013) (treating motion for reconsideration of preliminary injunction as motion to modify). This triggers a different standard from a request for a stay pending appeal, which is not at issue here. See Fed. R. Civ. P. 62(c); Hilton v. Braunskill, 481 U.S. 770, 776 (1987) (stating standard for stay of injunction pending appeal).

## II. Legal Standard

Federal Rule of Civil Procedure 60(b) permits a court to "relieve a party . . . from a[n] . . . order" when "applying it prospectively is no longer equitable" or upon a showing of "any . . . reason that justifies relief." Fed. R. Civ. P. 60(b)(5), (6). A court may, accordingly, modify an injunction pursuant to that rule in its "equitable discretion." Trump v. Int'l Refugee Assistance Project, 137 S. Ct. 2080, 2087 (2017) (granting stay of and modifying preliminary injunction) (citing Nken v. Holder, 556 U.S. 418, 433 (2009) (assessing whether to stay an alien's removal pending judicial review)). In determining whether such relief is warranted, "[i]t is ultimately necessary . . . to balance the equities — to explore the relative harms to applicant and respondent, as well as the interests of the public at large." Id. (alteration in original) (citation omitted). "The party seeking modification 'bears the burden of establishing that a significant change in circumstances warrants [its] revisions.'" Gov't of Province of Manitoba v. Zinke, 849 F.3d 1111, 1117 (D.C. Cir. 2017) (quoting Rufo v. Inmates of Suffolk Cty. Jail, 502 U.S. 367,

383 (1992)) (alteration in original). It is appropriate to modify an injunction "only when there has been a change" in the facts or law "between entry of the injunction and the filing of the motion that would render the continuance of the injunction in its original form inequitable." FilmOn X, 968 F. Supp. 2d at 140 (citation omitted). Ultimately, the court must, in its discretion, decide "whether the requested modification effectuates or thwarts the purpose behind the injunction." Sierra Club v. U.S. Army Corps of Engineers, 732 F.2d 253, 257 (2d Cir. 1984).

## III. Analysis

In deciding whether to exercise its discretion and stay the injunction pending a new disciplinary hearing, the Court begins from the basic premise that the "purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." Univ. of Tex. v. Camenisch, 451 U.S. 390, 395 (1981). The *status quo* — "the last uncontested status which preceded the pending controversy," District 50, United Mine Workers of Am. v. Int'l Union, United Mine Workers, 412 F.2d 165, 168 (D.C. Cir. 1969) (citation omitted) — is with Hudson in the NST position. That is what the Court's injunction accomplished pending a final decision on the merits. See Yablonski v. United Mine Workers of Am., 459 F.2d 1201, 1202 (D.C. Cir. 1972) (reinstating plaintiff as Acting Director). AFGE urges this Court to use its discretion to stay the reinstatement because the Union will incur wasted "effort and confusion . . . upon restoring Plaintiff to duty . . . if he is then removed again." Mot. at 3. Such an argument, however, almost presupposes the outcome. For example, Defendant cites Chance v. Champion Spark Plug, Co., 732 F. Supp. 605 (D. Md. 1990), where a district court found that reinstatement was inappropriate because the plaintiff "intended to retire" in less than one month. Id. at 610. Here, by contrast, there is no certainty that Hudson will be

4

reinstated only for a short time. Until he receives a new hearing, no one knows whether he will continue to be NST or not come January.

Next, the Court considers the "changed circumstances." Zinke, 849 F.3d at 1117. The only thing that has changed between the Court's entry of its Order on November 9 and AFGE's Motion is its decision to constitute a new Committee of Investigation. See Mot., Exh. 1 (Declaration of Cheryl Eliano), ¶ 4. That simply does not rise to the level necessary to warrant a departure from the Order. See Agostini v. Felton, 521 U.S. 203, 216 (1997) (costs of complying with injunction were known at the time district court entered order and therefore did not constitute "significant change in factual conditions").

Finally, the Court weighs the "relative harms." IRAP, 137 S. Ct. at 2087. AFGE's argument boils down to administrative inconvenience. If it reinstates Hudson and then a new tribunal again finds him guilty, the Union will have to "process[] a return to work and . . . reprocess[] another removal within two months," a feat it claims is "impractical." Mot. at 3. Although this may add to the Union's workload, such a harm seems fairly slight. Defendant also obliquely cites "confusion and poor staff morale" that occurs when an employee is restored while under threat of removal. Id. at 2-3. Yet this cuts both ways, as discipline based on allegedly biased processes can also lead to "poor staff morale." On the other side of the ledger, the irreparable harm on which the Court relied in the prior Opinion still will persist in the next two months. Hudson was elected NST, and, until a new hearing is conducted, each day that he is out of office he is denied the benefit of his elected representative. See Mem. Op. at 15. Plaintiff alleges, for example, that there are executive meetings that, as an officer, he is entitled to be a part of. See Opp. at 2. Any inconvenience to AFGE is thus outweighed by this hardship to Plaintiff.

**IV.     Conclusion**

In short, the Court finds no equitable reason to delay Hudson's reinstatement until January 2018. While AFGE may be confronted with some administrative tasks because of the reinstatement — and perhaps more should the NEC again vote to remove Hudson — that is not enough to overcome the purpose undergirding injunctive relief, which is to restore the *status quo* pending an ultimate decision on the merits.

The Court, therefore, ORDERS that Defendant's Emergency Motion for Stay is DENIED. At the status conference on November 20, 2017, the Court will address whether to stay the remaining proceedings in the case during the new disciplinary process.

**IT IS SO ORDERED.**

*/s/ James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:  November 15, 2017