UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EUGENE HUDSON, JR.,<br><br>      **Plaintiff,**<br><br>      v.<br><br>AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES,<br><br>      **Defendant.** | Civil Action No. 17-1867 (JEB) |

**MEMORANDUM OPINION**

The long-running dispute between Plaintiff Eugene Hudson, Jr. and Defendant American Federation of Government Employees has spanned multiple lawsuits; here alone it has wound its way through three preliminary-injunction motions, two motions to dismiss, and an amended complaint. Unlike this litigation's many twists and turns, resolution of Hudson's latest summary-judgment bid is straightforward, as he seeks judgment on a theory nowhere to be found in the relevant section of his Amended Complaint. The Court, accordingly, will deny his Motion.

**I.  Background**

Before setting out the facts in the light most favorable to the non-movant, see Talavera v. Shah, 638 F.3d 303, 308 (D.C. Cir. 2011), the Court pauses to address a threshold concern. Defendant points out that Plaintiff has not complied with Local Rule 7(h), which requires a summary-judgment movant to submit a separate statement of undisputed material facts with citations to supporting parts of the record. See ECF No. 120 (Def. Opp.) at 3. AFGE is, for the most part, correct. Hudson attaches no such separate statement to his Motion. And the factual

1

recitation in his brief is largely barren of references to the record. While he claims that his statement of undisputed material facts "begins at Paragraph 56 of the summary judgment motion," ECF No. 125 (Pl. Reply) at 8, the averments that follow contain only two unhelpful citations. See ECF No. 116 (Pl. MSJ), ¶ 57 (citing AFGE Constitution); id., ¶ 68 (citing manual of parliamentary procedure).

These deficiencies alone could warrant a grant of summary judgment in Defendant's favor. See SEC v. Banner Fund Intern., 211 F.3d 602, 615–16 (D.C. Cir. 2000) (upholding district court's grant of summary judgment for SEC when defendant failed to follow Local Rule 7.1(h)). The procedure contemplated by Local Rule 7(h), after all, is not an empty formality. Indeed, it serves a critical function by helping to "crystallize for the district court the material facts and relevant portions of the record," instead of forcing the Court to waste efforts "sift[ing] and sort[ing] through the record" itself. Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, 101 F.3d 145, 151, 153 (D.C. Cir. 1996) (interpreting predecessor rule to LCvR 7(h)(1)).

The Court, however, need not rest its judgment on Plaintiff's procedural shortcomings, for his Motion readily falters on independent grounds. Before explaining why that is so, the Court will relate the facts giving rise to this latest skirmish between Hudson and AFGE. Because this litigation's lengthy history only obliquely informs the Court's ruling here, the briefest of summaries will suffice.

AFGE is a national labor organization representing over 1000 federal and D.C. government employees. See ECF No. 36 (Amended Complaint), ¶ 2. Hudson became the organization's National-Secretary Treasurer in 2012, winning reelection to another three-year term in 2015. Hudson v. AFGE, No. 17-1867, 2019 WL 3533602, at *1 (D.D.C. Aug. 2, 2019).

In that position, he served on AFGE's National Executive Council, which consists of the NST, two other full-time national officers, and National Vice-Presidents for each of the twelve AFGE districts. See Am. Compl., ¶ 3.

The present dispute arose in mid-2016, when Hudson faced an internal charge that he had engaged in improper campaign activities. Hudson v. AFGE, 308 F. Supp. 3d 121, 124 (D.D.C. 2018). Pursuant to Article 13 of the AFGE Constitution, a Committee of Investigation was appointed in February 2017 to consider the charges. Id. On August 8, 2017, the full NEC adopted the Committee's report, found Hudson guilty of the referred charge, and voted 12-to-1 to remove him from his position as NST. Id. at 125; Am. Compl., Exh. 16.

Dissatisfied with that outcome, Hudson filed suit in this Court, contending that several participants in the 2017 Committee and NEC proceedings were biased against him. Hudson v. AFGE, 292 F. Supp. 3d 145, 151–52, 154 (D.D.C. 2017). The Court agreed, finding that NVP Gerald Swanke's participation on the Committee, notwithstanding his previous clashes with Hudson, likely deprived him of a full and fair hearing. Id. at 155–56. The Court, accordingly, ordered Plaintiff reinstated. Id. at 157. That state of affairs did not last long.

In November 2017, AFGE appointed a second Committee of Investigation to reprocess the charges against Hudson. Hudson, 308 F. Supp. 3d at 126; ECF No. 14 (Def. Mot. to Stay), Exh. 1 (Declaration of Cheryl Eliano), ¶ 4. Several NVPs whom Hudson had previously alleged were biased recused themselves, including Swanke, George McCubbin, and — as particularly relevant here — Eric Bunn. See Eliano Decl., ¶ 5. The new Committee nonetheless found probable cause that Hudson had committed two violations. Hudson, 308 F. Supp. 3d at 126. It then referred both charges to the NEC, which convened on February 6, 2018. Id. Swanke and McCubbin again recused themselves, as did then-NST Joseph Flynn, and AFGE President David

3

Cox did not vote. See ECF No. 39 (Feb. 6, 2018, NEC Transcript) at 34, 39–40. Bunn, however, participated and voted in full. Id. at 37, 126–27. The NEC ultimately found Hudson guilty once again and voted to remove him from office, this time by a 10-to-1 margin. Id. at 125–27.

Following this second removal, Hudson filed an Amended Complaint. Counts I and II allege that AFGE violated his rights under the Labor-Management Reporting and Disclosure Act when it removed him in August 2017 and February 2018, respectively. See Am. Compl., ¶¶ 80–159. Count III charges that AFGE acted contrary to its Constitution, violating the Labor Management Relations Act. Id., ¶¶ 160–181. Count IV was ultimately dismissed. Hudson v. AFGE, 318 F. Supp. 3d 7, 15 (D.D.C. 2018). Although very contentious discovery remains ongoing, Hudson now moves for summary judgment.

## II.     Legal Standard

Summary judgment may be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986); Holcomb v. Powell, 433 F.3d 889, 895 (D.C. Cir. 2006). A fact is "material" if it is capable of affecting the substantive outcome of the litigation. Holcomb, 433 F.3d at 895; Liberty Lobby, Inc., 477 U.S. at 248. A dispute is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." Liberty Lobby, Inc., 477 U.S. at 248. "A party asserting that a fact cannot be or is genuinely disputed must support the assertion" by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

When a motion for summary judgment is under consideration, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Liberty Lobby, Inc., 477 U.S. at 255; see also Mastro v. PEPCO, 447 F.3d 843, 850 (D.C. Cir. 2006); Aka v. Wash. Hosp. Ctr., 156 F.3d 1284, 1288 (D.C. Cir. 1998) (*en banc*). The nonmoving party's opposition, however, must consist of more than mere unsupported allegations or denials and must be supported by affidavits, declarations, or other competent evidence, setting forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

## III.  Analysis

Right out of the gate, Hudson's Motion encounters an insurmountable hurdle: it is based in whole on a claim he did not plead. Specifically, while Plaintiff's summary-judgment brief contends that AFGE violated its own Constitution by allowing the allegedly biased Bunn to participate in the February 6, 2018, NEC meeting, the relevant section of Hudson's Amended Complaint contains no mention of this allegation. Because he "may not assert new claims in a motion for summary judgment," his present bid does not make it around the track. McKinney v. United States, 75 F. Supp. 3d 266, 279 (D.D.C. 2014).

Hudson's opening brief asserts but a single argument — namely, that "AFGE's decision to allow Mr. Bunn to serve on the second, purportedly impartial NEC panel [on February 6, 2018,] precluded Plaintiff from receiving a full and fair hearing." Pl. MSJ at 16. He does not protest the participation of any other individual, and he does not allege any impropriety besides the February 2018 NEC meeting. His Motion, therefore, rests entirely on the proposition that Bunn was biased against him, and that Bunn's participation and vote for his removal in February 2018 "tainted the proceedings" and denied him a "full and fair hearing." Id.; see also id. at 10

("AFGE should not have permitted Mr. Bunn to sit on the 'unbiased tribunal,' deliberate and vote").

Nowhere in his opening brief, however, does Plaintiff articulate the legal claim to which these allegations pertain. After Defendant pointed out that glaring absence, see Def. Opp. at 2, Plaintiff attempted to fill the void in his reply brief, explaining that his "motion for summary judgment is based on Count III of his Complaint." Pl. Reply at 1. According to Plaintiff, "[B]y permitting Bunn, a biased NEC member, to vote[,] AFGE failed to provide Plaintiff with an unbiased tribunal, in violation of Mr. Hudson's third party beneficiary rights guaranteed by the AFGE National Constitution under the Labor Management Relations Act." Id. at 1–2. Count III, indeed, does assert violations of the AFGE Constitution and arises under Section 301 of the LMRA, which provides a federal cause of action for suits alleging a violation of contracts between labor organizations. See Am. Compl., ¶¶ 162–63 (citing 29 U.S.C. § 185(a)). Because the AFGE Constitution qualifies as such a contract, moreover, this Court has already determined that Hudson may sue AFGE as a third-party beneficiary for allegedly breaching it. Hudson, 318 F. Supp. 3d at 13–14.

But that is where Plaintiff runs out of gas. For while Count III of his Amended Complaint mentions several violations of the AFGE Constitution, none involves bias at the February 6, 2018, NEC meeting. To be sure, Count III alleges the participation of biased members in other AFGE proceedings pertaining to Hudson, such as the February 2017 Committee of Investigation and August 2017 NEC proceedings. See Am. Compl., ¶¶ 168–69. But the count contains no discussion whatsoever of bias with respect to the February 2018 NEC meeting — which, it bears repeating, is the sole ground on which Plaintiff moves for summary judgment. Count III's other allegations are even further afield. In particular, Hudson claims that

6

AFGE violated its Constitution by: 1) allowing its General Counsel to "essentially bec[o]me the prosecutor" at both NEC hearings; 2) "basing its decision on facts not in the administrative file"; and 3) exceeding the scope of the original charge. See Am. Compl., ¶¶ 170–71, 175, 179.  There is not even a hint of alleged bias by, or even mention of, Bunn at the February 6, 2018, NEC meeting.  Because Hudson "cannot cure pleading defects" in summary-judgment briefing, his Motion must be denied.  U.S. SEC v. Brown, 878 F. Supp. 2d 109, 120 (D.D.C. 2012); see also Taylor v. Mills, 892 F. Supp. 2d 124, 137 (D.D.C. 2012) ("[A] plaintiff is not permitted to raise new claims at the summary judgment stage, where those claims were not pleaded in the complaint."); Navajo Nation v. U.S. Forest Serv., 535 F.3d 1058, 1080 (9th Cir. 2008) ("[W]here, as here, the complaint does not include the necessary factual allegations to state a claim, raising such claim in a summary judgment motion is insufficient to present the claim to the district court.").

In any event, even assuming Hudson had adequately alleged bias at the February 2018 NEC hearing in Count III of his Amended Complaint, his current Motion would still be doomed for defeat.  That is because he fails to establish — indeed, does not even attempt to establish — which provision of its Constitution AFGE purportedly breached.  This is no minor oversight. After all, a basic element of any claim under Section 301 of the LMRA is establishing which part of the relevant "contract[]" — here, the AFGE Constitution — the defendant "violat[ed]." 29 U.S.C. § 185(a); see also Stampone v. Walker, 722 F. App'x 246, 250 (3d Cir. 2018) (dismissing claim brought under LMRA where plaintiff "did not claim that defendants' conduct breached any particular provision of" union constitution or bylaws); Rodonich v. House Wreckers Union Local 95, 624 F. Supp. 678, 683–84 (S.D.N.Y. 1985), aff'd in part, rev'd in part, 817 F.2d 967 (2d Cir. 1987) (dismissing claim brought under LMRA where "[p]laintiffs point to no specific

provision in the [union] constitution . . . to support a Section 301 claim against [the union]").

Here, the Court learned little as to how Defendant's alleged conduct violated the AFGE Constitution. Hudson contends that his "third party beneficiary rights guaranteed by the AFGE National Constitution" entitle him to an "unbiased tribunal" for his disciplinary proceedings. See Pl. Reply at 1–2. But the AFGE Constitution contains no such explicit guarantee. Nor does it include a provision requiring "fairness" or "unbiased review" in Committee of Investigation or NEC proceedings. While the document does provide that trial committees must conduct a "fair and thorough trial of the charges" before them, no such trial committee was convened in Hudson's case. See Pl. MSJ, Exh. 3 (AFGE Constitution), Art. XIII, § 7(c). Plaintiff acknowledges none of the above, instead cursorily alleging in his Amended Complaint that the AFGE Constitution must "be interpreted to require fairness in all disciplinary matters" and that "[t]he covenant of good faith and fair dealing is an implicit part of the Constitution." Am. Compl., ¶¶ 166–67. He does not reprise that argument here, and he never attempts to explain the basis for any such tacit guarantee or its implications for his bias claim, despite his obligation as movant "to demonstrate why summary judgment is warranted." Winston & Strawn, LLP v. McLean, 843 F.3d 503, 505 (D.C. Cir. 2016) (citation omitted); see also Faison v. Vance-Cooks, 896 F. Supp. 2d 37, 65 (D.D.C. 2012) (rejecting claim when plaintiff "provide[d] no meaningful explanation" as to its basis). This conspicuous deficiency renders the Court unable to consider the merits of Plaintiff's claim, let alone grant judgment in his favor.

Finally, Plaintiff mounts a last-ditch effort in his reply brief to dramatically refashion his summary-judgment bid. While his opening brief focuses entirely on alleged bias at the February 2018 NEC meeting, Hudson's reply advances a host of new grounds on which he is purportedly entitled to judgment. Specifically, he contends that AFGE 1) violated his constitutional due-

process rights; 2) dismissed him on January 12, 2018, without the requisite notice and disciplinary proceedings; 3) exceeded its authority by "remov[ing]" him from office instead of temporarily "suspend[ing]" him; and 4) denied him the right of full participation in meetings. See Pl. Reply at 2, 4–6, 10–11, 12–15.  None of these theories is raised — or even hinted at — in Count III of Hudson's Amended Complaint, the very count on which he himself insists his Motion is based.  Id. at 1, 8.  Plaintiff cannot belatedly introduce these unpled claims in summary-judgment briefing, see Taylor, 892 F. Supp. 2d at 137, let alone use his reply brief to reinvent his quest for summary judgment by announcing entirely new arguments.  See Conservation Force v. Jewell, 160 F. Supp. 3d 194, 204 n.4 (D.D.C. 2016) ("New arguments made in a reply brief are forfeited.").

**IV.    Conclusion**

For the foregoing reasons, the Court will deny Plaintiff's Motion for Summary Judgment. A separate Order so stating will issue this day.

*/s/ James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:  July 28, 2020