UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EUGENE HUDSON, JR., <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, <br><br> Defendant. | Civil Action No. 17-1867 (JEB) |

MEMORANDUM OPINION

Having recently prevailed in a jury trial in a companion case, Plaintiff Eugene Hudson, Jr. returns to this matter and seeks to amend his Complaint against Defendant American Federation of Government Employees. Given that this Court has already rejected much of what he is attempting to do here, his good fortune does not carry over.

I.  Background

As the Court has described the dispute between these parties on myriad occasions over the last few years, see, e.g., Hudson v. AFGE, 2019 WL 3068295 (D.D.C. July 12, 2019), it will sketch it here in very broad strokes.

On September 12, 2017, Hudson, a high-ranking official at AFGE, filed this suit asserting that his termination violated rights and protections afforded by two labor-law statutes. See ECF No. 1 (Compl.), ¶¶ 56–98. His First Amended Complaint, filed February 13, 2018, is currently the operative pleading and sets forth causes of action under the Labor Management Reporting and Disclosure Act, the Labor Management Relations Act, and contract law. See ECF No. 36 (FAC), ¶¶ 80–188. Hudson sought leave in May 2019 to amend his Complaint again to add,

1

*inter alia*, claims of race discrimination.  See ECF No. 76.  The Court denied that motion, explaining that he had waited too long and had misrepresented the record; in addition, amendment would prejudice AFGE.  Hudson v. AFGE, 2019 WL 3533602 (D.D.C. Aug. 2, 2019) (Hudson II).  Meanwhile, he filed a related suit against Defendant a month after filing this one, asserting race discrimination in his termination and in other adverse actions.  See Hudson v. AFGE, No. 17-2094, ECF No. 1 (Compl.).  That case recently proceeded to jury trial, and Hudson obtained a $100,000 verdict.  Id., ECF No. 115 (Judgment).

Plaintiff now once again seeks to amend his Complaint here, offering a 146-page behemoth that, among its 17 counts, includes claims under the LMRDA, the LMRA, and 42 U.S.C. § 1981, as well as a farrago of tort and contract causes of action.  See ECF No. 163-1 (Proposed Third Amended Complaint).  AFGE not surprisingly opposes.

**II.     Legal Standard**

A plaintiff may amend her complaint once as a matter of course within 21 days of serving it or within 21 days of being served a responsive pleading.  See Fed. R. Civ. P. 15(a)(1).  Otherwise, she must seek consent from the defendant or leave from the court.  See Fed. R. Civ. P. 15(a)(2).  "The court should freely give leave when justice so requires."  Id.  In deciding whether to grant leave to file an amended complaint, the court may consider "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."  Foman v. Davis, 371 U.S. 178, 182 (1962).  In this Circuit, "it is an abuse of discretion to deny leave to amend unless there is sufficient reason."  Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996).  Furthermore, under Rule 15, "the

non-movant generally carries the burden in persuading the court to deny leave to amend." Nwachukwu v. Karl, 222 F.R.D. 208, 211 (D.D.C. 2004).

**III.   Analysis**

In opposing Plaintiff's Motion, AFGE flags multiple problems with his efforts. First, Defendant is correct that Hudson has again waited too long, just as this Court held two years ago. See Hudson II, 2019 WL 3533602, at *3–5. As the D.C. Circuit has made clear, a party's deficiency on this score presents an independently sufficient reason to deny his attempt to amend a complaint. See Trudel v. SunTrust Bank, 924 F.3d 1281, 1288 (D.C. Cir. 2019) ("'[U]ndue delay' is a valid ground for denying leave to amend."); Elkins v. District of Columbia, 690 F.3d 554, 565 (D.C. Cir. 2012) (similar); Atchinson v. District of Columbia, 73 F.3d 418, 426 (D.C. Cir. 1996) ("[O]ur case law also make[s] clear that undue delay is a sufficient reason for denying leave to amend."). Here, Plaintiff filed this Motion about three and a half years after the filing of the operative First Amended Complaint and over two years after his previous unsuccessful effort to amend. As AFGE points out, moreover, the majority of the "new" events Plaintiff cites occurred prior to October 2020, yet Hudson never says why he waited until now to file. See ECF No. 167 (Def. Opp.) at 9.

Second, much of the proposed new Complaint consists of very detailed recitations of assorted events. To the extent that Hudson wishes to offer evidence of these events at trial to support his existing termination claims, there is no need to amend the Complaint to do so. See Fed. R. Civ. P. 8(a)(2) (complaint must contain "short and plain statement of the claim showing that the pleader is entitled to relief"). Whether or not such evidence is relevant and admissible is a decision the Court will have to make prior to trial. For example, details about purported race discrimination would not be admissible because the Court held in its previous Opinion that

Hudson could not amend his Complaint to add such causes of action. Hudson II, 2019 WL 3533602, at *8–9. Plaintiff's belief that he now has more information does not undermine the bases for the Court's prior denial of amendment.

Third, AFGE ably sums up the prejudice it would suffer if the Court permitted amendment. To begin, the Court explained two years ago why prejudice would inure from the prior proposed amendment. Id. at *8. That is even truer now since discovery has closed, and we are over four years down the road from the filing of the Complaint. More significantly, Hudson's proposal would essentially send the case back to the starting line since his Complaint has ballooned from 39 to 146 pages, he now has 17 causes of action (some of which are titled with narratives, see, e.g., Proposed TAC at 126 (Count 11)), and he names 16 new individual Defendants, all in their official and individual capacities. Id. at 1. To sort all of this out would take considerable time.

Finally, the Court need not repeat all of Plaintiff's conduct that it described in its earlier Opinion denying the first motion to amend, but merely notes that it incorporates that entire discussion into its reasoning here. See, e.g., Hudson II, 2019 WL 3533602, at *5 ("Hudson knew the core basis for the [race-discrimination] counts he currently seeks to add at the time he filed the instant lawsuit."); id. at *6 ("[B]y February 2018 — and certainly by April of that year — Plaintiff was on notice of the deficiencies related to claim-splitting in his race-discrimination case. Yet, until over a year later, he did nothing. On this ground, too, courts have denied a late attempt to amend."); id. ("he expressly disavowed any current intent to amend his Complaint"); id. at *7 ("The Court has trouble seeing this factual statement [regarding newly discovered evidence] as anything short of a misrepresentation."); id. ("The Court finds troubling the delta between the statements in Hudson's brief and those established by the record. There is simply

no 'new evidence' capable of sustaining his Motion, despite his assertions to the contrary."); id. ("Maintaining the integrity of the judicial process counsels against granting his request."); id. at *8 ("Hudson and his counsel have made a series of strategic choices during this case, including filing a Complaint and an Amended Complaint without any mention of the race discrimination for which Plaintiff alleges to have long had evidence."); id. ("The Court will not reward Plaintiff's attempt to revive his claims by trying to pull the wool over the Court's eyes.").

The Court, consequently, is not writing on a blank slate in denying this Motion. In other words, it cannot disregard what it has already concluded.

### IV. Conclusion

For these reasons, the Court will deny Plaintiff's Motion for Leave to Amend. A separate Order so stating will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: October 5, 2021