UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EUGENE HUDSON, JR., <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, <br><br> Defendant. | Civil Action No. 17-1867 (JEB) |

## MEMORANDUM OPINION

Plaintiff Eugene Hudson, Jr. and Defendant American Federation of Government Employees have been locked in an interminable dispute over Hudson's removal from the position of AFGE National Secretary-Treasurer. This latest bout concerns this Court's September 26, 2022, Opinion on AFGE's Motion for Summary Judgment, which granted the Motion in part and denied it in part. Hudson v. Am. Fed'n of Gov't Emps., 630 F. Supp. 3d 214 (D.D.C. 2022). Both Hudson and AFGE now seek reconsideration of that Opinion. Sticking to its ruling, the Court will deny both Motions.

I.   **Legal Standard**

Federal Rule of Civil Procedure 54(b) provides that interlocutory decisions may be "revised at any time before the entry of a judgment adjudicating all the claims" in the action. Reconsideration of such decisions is "available under the standard 'as justice requires,'" which affords courts wide latitude and substantial discretion. Mahoney v. U.S. Capitol Police Bd., 566 F. Supp. 3d 22, 25 (D.D.C. 2022) (citation and internal quotations omitted); see also Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc., 630 F.3d 217, 227 (D.C. Cir. 2011). The court's

1

task, essentially, is to determine "whether [relief upon] reconsideration is necessary under the relevant circumstances." Lewis v. District of Columbia, 736 F. Supp. 2d 98, 102 (D.D.C. 2010) (quoting Cobell v. Norton, 224 F.R.D. 266, 272 (D.D.C. 2004)).  Amorphous as that standard may seem, it is grounded in concrete considerations and "hardly [offers] a free pass."  Mahoney, 566 F. Supp. 3d at 25; Singh v. George Washington Univ., 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (noting that "as justice requires" standard entails considerations such as whether court "patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, has made an error not of reasoning but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court").

**II.   Analysis**

The Court will begin with Hudson's Motion for Reconsideration, see ECF No. 212 (Hudson Motion) and then will turn to AFGE's.  See ECF No. 211 (AFGE Motion).

A.  Hudson's Motion

Plaintiff's Motion is no easy sledding.  From its jumble of assorted grievances, however, the Court discerns three particular requests.

First, Hudson asks the Court to reopen discovery based on his perceived inconsistencies between two declarations from AFGE National Vice President Philip Glover.  See Hudson Mot. at 1, 33.  The Court has already denied a similar motion to reopen discovery based on those declarations, an inconvenient fact that Hudson's present Motion does not appear to recognize. See ECF Nos. 191 (Motion to, among other things, Reopen Discovery); 191-1 (Declaration of Philip Glover); see also Minute Order of Aug. 23, 2022 (denying Motion to Reopen Discovery). To the extent that Hudson seeks reconsideration of that ruling, his Motion does not identify

reasons why it was incorrect; he recites only the same grievances that the Court did not find persuasive there. The Court accordingly will again decline to reopen discovery.

Second, Hudson moves to amend his Complaint after completing the sought discovery. See Hudson Mot. at 33 (describing this request as "motion for leave to file an Amended Complaint after written discovery and depositions are concluded"). In other words, he does not want to amend his Complaint now; he instead seeks the Court's blessing to amend it at some point after discovery has been reopened and then concluded. Id. at 12. As such discovery has not yet concluded — indeed, the Court has just declined to allow it — that Motion is not ripe and will be denied as well.

Third, Hudson also appears to seek reconsideration of the Court's partial summary-judgment ruling. Id. at 1 (moving for "reconsideration of the Court's order dismissing Plaintiff's LMRA count"). As with his Motion to Amend, however, Hudson does not actually ask for reconsideration of that Opinion now; he instead seeks permission only to move for reconsideration at a later date. Id. at 12 (asking Court to, "[a]fter reopening discovery, allow Plaintiff to file a motion for reconsideration"). This request is thus likewise not ripe. To the extent Hudson seeks reconsideration now, his Motion provides no argument to that end.

The Court will thus deny Hudson's Motion in full.

B. AFGE's Motion

AFGE's Motion proves a closer call but meets the same fate. Defendant asks the Court to reconsider its prior holding that Hudson could proceed with claims under the Labor-Management Reporting and Disclosure Act (LMRDA) — Counts I and II — because in the Court's view there remained a genuine issue as to whether his alleged violation of AFGE rules

3

was an independent reason for his removal.  See 630 F. Supp. 3d at 225–26.  AFGE challenges this portion of the Court's Opinion on two grounds.

First, Defendant contends that the Court's analysis of Hudson's burden improperly conflated the Title VII retaliation framework with the Title VII discrimination framework.  See AFGE Mot. at 2, 6–7; see also 2022 WL 4464976, at *13 (challenged analysis).  Our Circuit, however, has instructed that the burden-shifting framework is the same across both discrimination and retaliation claims.  In Jones v. Bernanke, 557 F.3d 670 (D.C. Cir. 2009), that court held that the streamlined discrimination burden-shifting that the court had articulated in Brady v. Office of Sergeant at Arms, 520 F.3d 490 (D.C. Cir. 2008), "appl[ies] equally to retaliation claims."  557 F.3d at 678.  The Circuit has since reiterated that conclusion, see, e.g., Calhoun v. Johnson, 632 F.3d 1259, 1261 (D.C. Cir. 2011) (citing and quoting this language from Jones), and district courts have followed it as well.  See, e.g., Leach v. Yellen, No. 18-3075, 2023 WL 2496840, at *8 (D.D.C. Mar. 14, 2023).  Because the burdens across these two types of cases are the same in our Circuit, AFGE is incorrect that the Court erred by drawing analogies to both.

Second, AFGE argues that Hudson has offered insufficient evidence that his two attempted terminations were pretextual and not (as AFGE contends) explained by his violation of union rules.  AFGE focuses much of its briefing on whether Hudson has made out a *prima facie* case of retaliation.  As the Court has just discussed, however, the D.C. Circuit's Brady burden-shifting approach applies here.  Under that approach, the district court "need not — and should not — decide whether the plaintiff actually made out a *prima facie* case under McDonnell Douglas."  Brady, 520 F.3d at 494 (formatting modified).  Instead, the court's task is to "resolve one central question: Has the employee produced sufficient evidence for a reasonable jury to find

4

that the employer's asserted [non-retaliatory] reason was not the actual reason and that the employer intentionally [retaliated] against the employee . . . ?" Id.  AFGE's argument, then, taken in its best light, is that Hudson has not offered sufficient evidence that Defendant's reasons for terminating him were pretextual.  See also AFGE Mot. at 18–20 (arguing this in the alternative).

      AFGE's specific contention on this score is that the Court improperly relied on a piece of hearsay evidence to conclude that Hudson had created a fact dispute on the motives for his removal.  Id. at 16–18.  The evidence in question is a declaration from Shawn Petty, a former AFGE National Vice President, that Petty had heard Eric Bunn, AFGE's former National Secretary-Treasurer, describe Hudson's removal as retaliation for revealing unlawful expenditures by AFGE's former president.  See 2022 WL 4464976, at *13 (citing and describing ECF No. 184-3 (Declaration of Shawn Petty) at 1).  AFGE argues that Bunn's statement is inadmissible hearsay.  See AFGE Mot. at 17–18.

      While AFGE is correct on its threshold point that it has preserved this argument, see ECF No. 187-1 (AFGE Response to Hudson Statement of Facts) at 7, the Court concludes that Bunn's statement is not hearsay because it is a party-opponent admission under Federal Rule of Evidence 801(d)(2)(D).  That Rule allows admission of an employee's statement against his employer if it "concern[s] a matter within the scope of the . . . employment."  Fed. R. Evid. 801(d)(2)(D) Advisory Committee Note.  In our Circuit, "[i]n the employment discrimination context[,] . . . Rule 801(d)(2)(D) requires only that the declarant have some authority to speak on matters of hiring or promotion or that the declarant be involved in the decision-making process in general."  Talavera v. Shah, 638 F.3d 303, 309 (D.C. Cir. 2011); see also, e.g., Ritchie v. Napolitano, 196 F. Supp. 3d 54, 64 (D.D.C. 2016).  That rule squarely covers Bunn's statement

here. As AFGE concedes, Bunn was one of the fifteen National Executive Council members responsible for deciding whether or not to remove Hudson. See AFGE Mot. at 18. Bunn accordingly was involved in the decisionmaking process behind Hudson's removal, and Rule 801(d)(2)(D) comfortably covers his statement concerning that removal.

AFGE has no persuasive counter. It asserts without citation that "there is no evidence that . . . discussing [Hudson's removal] was 'within the scope' of [Bunn's] duties." AFGE Mot. at 17. But, as AFGE concedes on the very next page, voting on Hudson's removal was within Bunn's duties. Our Circuit has made clear that Rule 801(d)(2)(D) requires no more. AFGE also falls back on a broader argument that other circumstances suggest that Bunn's statement was unreliable. Id. at 18. This argument goes to the weight a jury should give to this evidence, not to its admissibility. The statement accordingly comes in.

With that hearsay argument dispensed with, the Court is left where it was in September: believing this issue to be close, but convinced that Hudson has done just enough to create a fact dispute. As the Court discussed in its prior Opinion, the combination of this piece of evidence and an inference of pretext from the circumstances of the two removal proceedings could allow a jury to side with Hudson on this question. See 2022 WL 4464976, at *8–13. The Court will thus deny AFGE's Motion as well.

**III.     Conclusion**

For the foregoing reasons, the Court will deny both Hudson's and AFGE's Motions for Reconsideration. A separate Order so stating will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: July 17, 2023